IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| The Estate of RANDI SHAVONNE KIRKLAND, by and through Special Administrator VIRGINIA KIRKLAND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-411-RAW |
| HEXAWARE TECHNOLOGIES, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court are the motions of defendant Hexaware Technologies Limited ("movant") to dismiss for insufficient service of process, pursuant to Rule 12(b)(5) F.R.Cv.P. Plaintiff filed this lawsuit in state court and it was removed to this court by the defendants. It arises out of a vehicular accident. Movant is an Indian corporation.

Under Rule 4(f)(1) F.R.Cv.P., a foreign defendant – including a foreign corporation, Rule 4(h)(2) F.R.Cv.P. – may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). India is a signatory to the Hague Convention. *Ramsaran v. Abraham,* 2017 WL 1194482, *10 (S.D.N.Y.2017). This generally requires foreign plaintiffs to effect service through the Central Authority of India. Plaintiff indicates that "[t]he whole matter usually requires one to two years, and occasionally longer." (#85-2 at page 2 of 25 in CM/ECF pagination).

Movant notes the statement by the Supreme Court that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988). Several district courts, however, have characterized this statement as "dictum." *See, e.g., In re GLG Life Tech Corp. Secs. Litig.,* 287 F.R.D. 262, 266 n.7 (S.D.N.Y.2012). In any event, for the Hague Convention to "apply" to a case, there must be transmittal of documents abroad.

Rule 4(f)(3) F.R.Cv.P. permits service "by other means not prohibited by international agreement, as the court orders." The argument that service under Rule 4(f)(3) is only permitted after a failed attempt under Rule 4(f)(1) [strict compliance with the Hague Convention] or Rule 4(f)(2) [service in the absence of internationally agreed means] has been rejected. *See Nat'l Cas. Ins. Co. v. W. Express, Inc.,* 2017 WL 2241536, *2 (W.D.Okla.2017). *See also Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir.2002). Therefore, plaintiff may resort to alternative methods of service.

Plaintiff has suggested service upon counsel, which has been approved by courts. *See Nat'l Cas. Ins. Co. v. W. Express, Inc.,* 2016 WL 9462338 (W.D.Okla.2016). Such service is completed in the United States and therefore does not trigger the Hague Convention. It provides the party sufficient notice to satisfy the Due Process Clause. *See Calista Enterprises Ltd. v. Tenza Trading Ltd.,* 40 F.Supp.3d 1371, 1376 (D.Or.2014)("several federal courts have authorized service under Rule 4(f)(3) on

domestic counsel as involuntary agents for their clients abroad"). The court hereby authorizes substituted service upon counsel.

Alternatively, the court finds substituted service may take place even within the ambit of the Hague Convention. Article 10 of the Hague Convention allows for service of process through alternative means such as "postal channels" and "judicial officers," provided that the destination state does not object to those means. India has objected to the means listed in Article 10. Some courts have held, however, that such objection "is specifically limited to the means of service enumerated in Article 10." *See Webroot Inc. v. Singh,* 2018 WL 4777413, *1 (D.Colo.2018). Accordingly, it has been held that service by email (which is not enumerated in Article 10) does not violate the Hague Convention or any objection to Article 10 by a recipient nation. *See Nat'l Cas. Ins. Co. v. W. Express, Inc.,* 2017 WL 2241536, * 3 (W.D.Okla.2017). The court finds such service is likewise appropriate.

It is the order of the court that the motions to dismiss (##51 & 83) are hereby denied. The motion of the plaintiff to extend time or permit service by alternative means (#75) is granted in part and denied in part. On or before June 15 2020, plaintiff shall serve movant by either or both methods described above.

**ORDERED THIS 22nd DAY OF MAY, 2020.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma