# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| The Estate of RANDI SHAVONNE KIRKLAND, by and through Special Administrator, VIRGINIA KIRKLAND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  19-cv-411-RAW |
| HEXAWARE TECHNOLOGIES, INC. *et al*; | ) ) ) | |
| Defendants | ) ) | |

## DEFENDANT HEXAWARE TECHNOLOGIES LIMITED'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant, Hexaware Technologies Limited ("Defendant"), by and through its counsel of record, HOLDEN LITIGATION, and hereby submits its Answer and Affirmative Defenses to *Plaintiff's Second Amended Complaint* [Dkt. 66]. Defendant denies each and every material allegation contained in the *Complaint*, except as otherwise admitted herein. For its Answer, Defendant states as follows:

1.    Paragraph 1 of *Plaintiff's Second Amended Complaint* does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

2.    Defendant admits that some of the "Hexaware Defendants" are foreign entities. Defendant denies the remaining allegations contained in Paragraph 2 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

3.     With regard to Paragraph 2 of *Plaintiff's Second Amended Complaint*, Defendant denies that "Hexaware" is a "global company" and demands strict proof thereof.

4.     Defendant denies the allegations contained Paragraph 4 of *Plaintiff's Second Amended Complaint*, including subparagraphs a through o, and demands strict proof thereof.

5.     Defendant denies the allegations contained Paragraph 5 of *Plaintiff's Second Amended Complaint*, including subparagraphs a through k, and demands strict proof thereof.

6.     Defendant denies the allegations contained Paragraph 6 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

7.     Defendant denies the allegations contained Paragraph 7 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

8.     Defendant denies the allegations contained Paragraph 8 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

## ENTERPRISE ALLEGATIONS

9.     Defendant denies the allegations contained Paragraph 9 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

10.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

11.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

12.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

13.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

14.     With regard to the allegations contained in Paragraph 14 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "collision report" speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained Paragraph 14 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

15.     Defendant admits the allegations contained in Paragraph 15 of *Plaintiff's Second Amended Complaint*.

16.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

17.     Defendant denies the allegations contained in Paragraph 17 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

18.     Defendant denies the allegations contained in Paragraph 18 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

19.     With regard to the allegations contained in Paragraph 19 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

20.     With regard to the allegations contained in Paragraph 20 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

21.     With regard to the allegations contained in Paragraph 21 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

22.     With regard to the allegations contained in Paragraph 22 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

23.     With regard to the allegations contained in Paragraph 23 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

24.     With regard to the allegations contained in Paragraph 24 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

25.     Defendant denies the allegations contained in Paragraph 25 of *Plaintiff's Second Amended Complaint*, including subparagraphs i through xiii and demands strict proof thereof.

26.     With regard to the allegations contained in Paragraph 26 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

27.     With regard to the allegations contained in Paragraph 27 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

28.     With regard to the allegations contained in Paragraph 28 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

29.     With regard to the allegations contained in Paragraph 29 of *Plaintiff's Second Amended Complaint,* Defendant asserts that the allegations are not directed at Defendant

and therefore no response is required. To the extent that a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

30.     Defendant denies the allegations contained in Paragraph 30 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

31.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

32.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of *Plaintiff's Second Amended Complaint* and therefore denies the same and demands strict proof thereof.

## HEXAWARE DRIVER ALLEGATIONS

33.     Defendant admits that admits that Ujjwal Narayan was in the course and scope of his employment with Hexaware Technologies Limited. Defendant also notes that in its Answer to *Plaintiff's Second Amended Complaint,* Hexaware Technologies, Inc. admits that Gaurav Shukla was also in the course and scope of his employment with Hexaware Technologies, Inc. Defendant denies the remaining allegations contained in Paragraph 33 of *Plaintiff' s Second Amended Complaint* and demands strict proof thereof.

34.     Defendant denies the allegation ns contained in Paragraph 34 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

35.     Defendant denies the allegations contained in Paragraph 35 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

36.     Defendant denies the allegations contained in Paragraph 36 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

37.     Defendant denies the allegations contained in Paragraph 37 of *Plaintiff's Second Amended Complaint* and demands strict pro of thereof.

38.     Defendant denies the allegations contained in Paragraph 38 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

39.     Defendant denies the allegations contained in Paragraph 39 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

40.     With regard to the allegations contained in Paragraph 40 of *Plaintiff's Second Amended Complaint*, Defendant asserts that Plaintiff's exhibit speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

41.     With regard to the allegations contained in Paragraph 41 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the Official Oklahoma Collision Report speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

42.     With regard to the allegations contained in Paragraph 42 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "chart" speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

43.     Defendant denies the allegations contained in Paragraph 43 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

44.     Defendant denies the allegations contained in Paragraph 44 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

45.     With regard to the allegations contained in Paragraph 45 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "picture" speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

46.     Defendant denies the allegations contained in Paragraph 46 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

47.     Defendant denies the allegations contained in Paragraph 47 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

48.     Defendant denies the allegations contained in Paragraph 48 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

49.     Defendant denies the allegations contained in Paragraph 49 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

50.     Defendant denies the allegations contained in Paragraph 50 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

51.     Defendant denies the allegations contained in Paragraph 51 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

52.     Defendant denies the allegations contained in Paragraph 52 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

53.     Defendant denies the allegations contained in Paragraph 53 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

54.     Defendant denies the allegations contained in Paragraph 54 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

55.     Defendant denies the allegations contained in Paragraph 55 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

56.     With regard to the allegations contained in Paragraph 56 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "picture" speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

57.     With regard to the allegations contained in Paragraph 57 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "picture" speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

58.     With regard to the allegations contained in Paragraph 58 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "collision report" speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

59.     Defendant denies the allegations contained in Paragraph 59 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

60.     Defendant denies the allegations contained in Paragraph 60 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

## HEXAWARE'S PASSENGER ALLEGATIONS

61.     Paragraph 61 of *Plaintiff's Second Amended Complaint* states a legal conclusion to which no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

62.     Defendant denies the allegations contained in Paragraph 62 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

63.     Defendant denies the allegations contained in Paragraph 63 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

64.     With regard to Paragraph 64 of *Plaintiff's Second Amended Complaint*, Defendant admits that Ujjwal Narayan was within the course and scope of his employment with Hexaware Technologies Limited.

65.     Defendant denies the allegations contained in Paragraph 65 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

## ALLEGATIONS REGARDING ALL DEFENDANTS

66.     Defendant denies the allegations contained in Paragraph 66 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

67.     With regard to the allegations contained in Paragraph 67 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "death certificate" speaks for itself and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

68.     With regard to the allegations contained in Paragraphs 68 through 72 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "pictures" speaks for

themselves and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof. Moreover, Defendant asserts that the inclusion of these photographs in *Plaintiff's Second Amended Complaint* is prejudicial, inflammatory, and impertinent. Fed. R. Civ. P. 8(a) states that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 8(d) states that each "allegation must be simple, concise, and direct." Plaintiff's inclusion of photographs of the decedent violates the requirement that pleadings should state allegations simply, concisely, and directly / A pleading should not contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

69.     With regard to the allegations contained in Paragraphs 68 through 72 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "pictures" speaks for themselves and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof. Moreover, Defendant asserts that the inclusion of these photographs in *Plaintiff's Second Amended Complaint* is prejudicial, inflammatory, and impertinent. Fed. R. Civ. P. 8(a) states that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 8(d) states that each "allegation must be simple, concise, and direct." Plaintiff's inclusion of photographs of the decedent violates the requirement that pleadings should state allegations simply, concisely, and directly  / A pleading should not contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

70.    With regard to the allegations contained in Paragraphs 68 through 72 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "pictures" speaks for themselves and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof. Moreover, Defendant asserts that the inclusion of these photographs in *Plaintiff's Second Amended Complaint* is prejudicial, inflammatory, and impertinent. Fed. R. Civ. P. 8(a) states that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 8(d) states that each "allegation must be simple, concise, and direct." Plaintiff's inclusion of photographs of the decedent violates the requirement that pleadings should state allegations simply, concisely, and directly / A pleading should not contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

71.    With regard to the allegations contained in Paragraphs 68 through 72 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "pictures" speaks for themselves and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof. Moreover, Defendant asserts that the inclusion of these photographs in *Plaintiff's Second Amended Complaint* is prejudicial, inflammatory, and impertinent. Fed. R. Civ. P. 8(a) states that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 8(d) states that each "allegation must be simple, concise, and direct." Plaintiff's inclusion of photographs of the decedent violates the requirement that pleadings should state allegations simply, concisely, and directly / A

pleading should not contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

72.     With regard to the allegations contained in Paragraphs 68 through 72 of *Plaintiff's Second Amended Complaint*, Defendant asserts that the "pictures" speaks for themselves and therefore no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof. Moreover, Defendant asserts that the inclusion of these photographs in *Plaintiff's Second Amended Complaint* is prejudicial, inflammatory, and impertinent. Fed. R. Civ. P. 8(a) states that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 8(d) states that each "allegation must be simple, concise, and direct." Plaintiff's inclusion of photographs of the decedent violates the requirement that pleadings should state allegations simply, concisely, and directly / A pleading should not contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

73.     Defendant denies the allegations contained in Paragraph 73 of *Plaintiff's Second Amended Complaint* and demands strict proof thereof.

74.     With regard to the allegations contained in Paragraph 74 of *Plaintiff's Second Amended Complaint*, Defendant denies that Plaintiff is entitled to judgment against Defendant and demands strict proof thereof

75.     Paragraph 75 of *Plaintiff's Second Amended Complaint*, including subparagraphs a through f, states a legal conclusion to which no response is required. To

the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

76.     Paragraph 76 of *Plaintiff's Second Amended Complaint*, including subparagraphs a through k, states a legal conclusion to which no response is required. To the extent a response is required from Defendant, Defendant denies the allegations and demands strict proof thereof.

77.     Defendant denies the allegations contained in Paragraph 77 of *Plaintiff's Second Amended Complaint* and denies that Plaintiff is entitled to any award of punitive damages and demands strict proof thereof.

## DEFENSES

Defendant, Hexaware Technologies Limited, having fully answered *Plaintiff's Second Amended Complaint* as set out above, sets forth the following Defenses, including Affirmative Defenses:

1.     This Court lacks personal jurisdiction over Defendant since Plaintiff failed to provide Defendant with sufficient service of process.

2.     Plaintiff has failed to state a claim for which relief can be granted.

3.     Defendant denies any causal connection between Plaintiff's alleged damages and its acts and/or omissions.

4.     Plaintiff's injuries and damages, if any are proved, were caused by the negligence of Plaintiff's decedent, and any damage award should be reduced by the percentage of negligence attributable to Plaintiff's decedent.

5.      The damages complained of by Plaintiff are too remote, speculative, and/or contingent to be legally compensable.

6.      Plaintiff's claims are barred in whole or in part because of the actions of Plaintiff's decedent, which were the direct and proximate cause of Plaintiff's alleged damages such that the principles of comparative fault or contributory negligence apply to bar Plaintiff's claims.

7.      Should Defendant be found guilty of negligence, which is not admitted but expressly denied, Defendant asserts that its negligence, if any, was not the proximate cause of Plaintiff's alleged injuries and damages.

8.      Plaintiff's damages, if any, were caused by an unavoidable accident through no fault of Defendant.

9.      Plaintiff's damages, if any, were caused by intervening or supervening causes for which Defendant is not responsible.

10.     Plaintiff's damages, if any, must be apportioned among all potentially responsible parties and non-parties of this action. The identity of all potentially responsible persons or entities can be more appropriately determined at the conclusion of discovery.

11.     General denial.

12.     General denial of damages.

13.     Plaintiff's claim for punitive damages is in contravention of Defendant's rights under each of the following constitutional provisions:

a.  The Commerce Clause of Article I, Section 8 of the United States Constitution;

b.  The Contracts Clause of Article I, Section 10 of the United States Constitution;

c.  The prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

d.  The Supremacy Clause of Article VI of the United States Constitution;

e.  The Free Speech Clause of the First Amendment of the United States Constitution;

f.  The Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.  The Takings Clause of the Fifth Amendment of the United States Constitution;

h.  The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

i.  The Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

j.  The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; as well as the corresponding provisions of the Oklahoma Constitution.

14.  The Plaintiff's claim for punitive damages is improper for the following reasons:

a.  there are no standards provided by Oklahoma law for the imposition of punitive damages and, therefore, Defendant, has not been put on notice and given the opportunity to anticipate the punitive liability and/or the potential size of the award;

b.  the procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

c.  the procedures under which punitive damages are awarded and the instructions used under Oklahoma law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible jury passion;

d.  present Oklahoma law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

e.  present Oklahoma law does not provide for a meaningful opportunity for challenging the rational basis for, and the excessiveness of, any award of punitive damages;

f.  present Oklahoma procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

    g.  present Oklahoma procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

    h.  present Oklahoma procedures fail to permit the reduction of any award for punitive damages based on the culpability of the plaintiff.

16.    *Plaintiff's Second Amended Complaint* fails to plead facts sufficient to give rise to punitive damages.

17.    Defendant incorporates by reference, and adopts as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S.Ct. 1513 (2003), and *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

18.    Should Defendant Narayan be found to have been careless, reckless, or incompetent to drive, which is not admitted but expressly denied, Defendant did not know nor reasonably should have known that Defendant Narayan was careless, reckless, or incompetent to drive.

19.    Plaintiff's negligent vetting, contracting with, training, supervision, monitoring, and/or discipling allegations are barred under Oklahoma law due to Defendant's admission that Defendant Narayan was within the course and scope of his employment with Hexaware Technologies Limited at the time of the subject collision. *See Jordan v. Cates*, 1997 OK 9.

20.    Paragraphs 68 through 72 of *Plaintiff's Second Amended Complaint* consist exclusively of photographs purportedly of the decedent taken prior to the date of the subject collision. The inclusion of these photographs in Plaintiff's pleading is prejudicial,

inflammatory, and impertinent. Fed. R. Civ. P. 8(a) states that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 8(d) states that each "allegation must be simple, concise, and direct." Plaintiff's inclusion of photographs of the decedent violates the requirement that pleadings should state allegations simply, concisely, and directly / A pleading should not contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

21.     Defendant puts the Court and Plaintiff on notice of its intent to amend this Answer, including affirmative defenses, as additional investigation, discovery, or circumstances warrant.

WHEREFORE, premises considered, Defendant prays for judgment in its favor and against Plaintiff, together with its costs, attorney fees, and such other relief the Court deems proper.

Respectfully submitted,

**HOLDEN LITIGATION,** *Holden PC*

*s/ Greg S. Keogh*
Steven E. Holden, OBA #4289
Greg S. Keogh, OBA #33933
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
SteveHolden@HoldenLitigation.com
GregKeogh@HoldenLitigation.com
***Attorneys for Defendant Hexaware***
***Technologies Limited***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of June, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John Branum
Jay M. Mitchel
Jessica S. Ladd
BRANUM LAW FIRM
lit@branumlawfirm.com

Jimmy D. Speed
Speed Law Office
speedslaw@gmail.com

***Attorneys for Plaintiff***

Sterling E. Pratt
FENTON, FENTON, SMITH, RENEAU & MOON
sepratt@fentonlaw.com
***Attorneys for Defendants, Hexaware Technologies, Inc.; Gaurav Shukla, and Ujjwal Narayan***

*s/ Greg S. Keogh*
Greg S. Keogh

2.736