IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

The Estate of RANDI SHAVONNE )
KIRKLAND, by and through Special )
Administrator VIRGINIA KIRKLAND. )
)
       Plaintiff, )
)
v. ) Case No. CIV-19-411-RAW
)
HEXAWARE TECHNOLOGIES, INC., )
et al., )
)
)
)
       Defendants. )

## ORDER

Before the court is the motion of defendant Hexaware Technologies, Inc. for judgment on the pleadings as to plaintiff's claims of direct negligence. This lawsuit arises out of a motor vehicle collision between plaintiff's decedent Randi Kirkland and defendant Gaurav Shukla ("Shukla") in Murray County, Oklahoma, on or about October 1, 2019.

In movant's answer to the second amended complaint, movant admitted that Shukla was acting in the course and scope of his employment with movant at the time of the accident. (#77 at ¶33). *See also* #77 at ¶10 of Affirmative Defenses.

A motion for judgment on the pleadings under Rule 12(c) F.R.Cv.P. is treated as a motion to dismiss under Rule 12(b)(6) F.R.Cv.P. *Cummings v. Dean,* 913 F.3d 1227, 1238 (10th Cir.2019). A complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *Id.* In the case at bar, however, the determinative issue is one of law, rather than of the pleading of sufficient factual detail.

In *Jordan v. Cates,* 935 P.2d 289 (Okla.1998), the Supreme Court of Oklahoma held that when an employer stipulates that an employee is acting within the scope of employment and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent training, hiring, supervision, or retention exposes the employer to no additional liability and therefore such claims are superfluous. In *Fox v. Mize,* 428 P.3d 314 (Okla.2018), the court held that negligent entrustment claims are not precluded.

Although recently describing *Jordan* as "ripe for reconsideration," the court in *Estate of Ratley v. Awad,* 2021 WL 1845497 (W.D.Okla.2021) noted "courts continue to recognize [the decision] as good law. . . ." *Id.* at *4. This is by far the prevailing view among district courts in Oklahoma. Another judge in the Western District, however, recently denied a motion based on *Jordan* "at this time" because *Fox* noted that "a party may present and litigate inconsistent theories of recovery." *Ferlaino v. Crossland Heavy Contractors, Inc.,* 2021 WL 2295513 (W.D.Okla.2021).

Plaintiff herein cites the same passage from *Fox*. This is not an insubstantial argument, but if *Jordan* remains good law, this court will follow its own previous application of the decision. *See Horton v. National Union Fire Ins. Co.,* 2015 WL 7575909 (E.D.Okla.2015). Of course, should the status of *Jordan* as precedent change during the course of this litigation, the matter will be revisited.

2

It is the order of the court that the motion of defendant (#117) is hereby granted. To the extent plaintiff has alleged claims for negligent training, hiring, supervision, or retention, those claims are dismissed. To the extent plaintiff has alleged claims of liability under a *respondeat superior* theory or negligent entrustment, those claims remain pending.

**ORDERED THIS 28th DAY OF JUNE, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**