IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| The Estate of RANDI SHAVONNE KIRKLAND, by and through Special Administrator VIRGINIA KIRKLAND.<br><br>Plaintiff,<br><br>v.<br><br>HEXAWARE TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. CIV-19-411-RAW |

**ORDER**

Before the court is plaintiff's second motion for order authorizing service on defendant Ujjwal Narayan ("Narayan") through alternative means.[1] Narayan is an individual domiciled in India. He was a passenger in the vehicle driven by defendant Gaurav Shukla that is the subject of plaintiff's lawsuit.

Rule 4(f) F.R.Cv.P. governs international service of process on foreign individuals. Rule 4(f)(1) allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). India is a signatory to the Hague Convention. *Ramsaran v. Abraham,* 2017 WL 1194482,

---

[1] Plaintiff has also filed a supplement (#143) to the motion, asserting a different ground upon which the court does not rely. Defendant Narayan (#137) and defendant Hexaware Technologies Limited (#138) filed responses to the original motion, as well as to the supplement (##146 & 147, respectively).

*10 (S.D.N.Y.2017).  This generally requires foreign plaintiffs to effect service through the Central Authority of India.  Plaintiff represents that India is not engaging in physical service of process due to COVID.  Plaintiff requests service under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders."

Plaintiff requests service upon Narayan's American-based counsel or alternatively, service through email, Facebook or the Whatsapp messaging system.  Narayan (through counsel appearing to challenge jurisdiction) argues that Rule 4(f)(3) should not be used for service because India is a signatory to the Hague Convention.  He also argues that plaintiff cannot use Rule 4(f)(3) to serve a foreign individual through an attorney located in the United States.  The court rejects both arguments.

In a previous order (#87) the court permitted service by email on counsel of Hexaware Technologies Limited.  In a subsequent order (#100) the court denied plaintiff's initial motion permitting service on Narayan.  That order stated "Rule 4(f) applies only to service outside the United States" and "Rule 4(f)(3) is not applicable to effect service on Narayan as India is a signatory to the Hague Convention."  Both statements appear contrary to the ruling in #87, but in any event, both statements have been superseded by *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.,* 970 F.3d 1269 (10th Cir.2020).

Rule 4(f) contemplates service "at a place not within any judicial district of the United States."  The Tenth Circuit, however, noted with approval that "courts have held that the

'proper construction' of Rule 4(f)(3) vis-a-vis a foreign defendant includes service 'via delivery to the defendant's attorney.'" *Id.* at 1295.  As for the Hague Convention, "the relevant inquiry under Rule 4(f)(3) is not whether the agreement affirmatively endorses service outside the central authority. . . It is whether the alternative service method in question is "prohibited" by the agreement." *Id.* at 1294.  "In short, 'numerous courts have authorized alternative service under Rule 4(f)(3),' including '[s]ervice upon a foreign defendant's United States-based counsel,' in cases involving countries that 'have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.'" *Id.* at 1295 (citation omitted).  The Tenth Circuit cited with a approval a district court decision which remarked that "there are numerous cases where courts have permitted service through U.S. counsel despite the foreign signatory's objection to Article 10 of the Hague Convention" and upholding such service even though "India has objected to Article 10." *Id.* at 1294 (citing *FTC v. Repair All PC, LLC,* 2017 WL 2362946 (N.D.Ohio 2017)).[2]

Finally, defendant argues that the Tenth Circuit decision is distinguishable because the appellate court, in describing the proceedings below, states "[t]he district court approved service on GCC's American counsel because the Mexican central authority did not or would not serve GCC, despite a well-known headquarters address." 970 F.3d at 1294.  Defendant states there is no indication India has refused to cooperate with regard to service of process

---

[2]Service pursuant to the Hague Convention, listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means. *Viahart L.L.C. v. Gangpeng,* 2022 WL 445161, *3 (5th Cir.2022).

3

on Narayan. This court sees no indication that the Tenth Circuit intended to limit its ruling to the facts. Moreover, service of process being disrupted in India because of COVID seems a functional equivalent of the situation described.

It is the order of the court that the plaintiff's motion (#135) is granted. Defendant Narayan may be served via American-based counsel or by alternate means such as email, Facebook, or the Whatsapp messaging system.

**ORDERED THIS 22nd DAY OF APRIL, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**