**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| The Estate of RANDI SHAVONNE KIRKLAND, by and through Special Administrator, VIRGINIA KIRKLAND, | |
| Plaintiff, | |
| v. | Case No. 19-CV-411-RAW |
| HEXAWARE TECHNOLOGIES, INC.; HEXAWARE TECHNOLOGIES LIMITED; GAURAV SHUKLA; and UJJWAL NARAYAN | |
| Defendants. | |

## DEFENDANT UJJWAL NARAYAN'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant UJJWAL NARAYAN, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, moves this Court for an order dismissing Plaintiff's negligence claim against him for i) failure to state a claim upon which relief can be granted, ii) insufficient service of process, and iii) lack of personal jurisdiction. In support of this Motion, Mr. Narayan offers the following to the Court:

## MOTION TO DISMISS STANDARD

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a claim that is facially plausible, a "plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must

1

state "more than a sheer possibility that the defendant acted unlawfully." *Id.* Although factual allegations must be taken as true for the purposes of a motion to dismiss, the Court is not required to accept legal conclusions as true. *Id*. Dismissal <u>with</u> prejudice is appropriate when a complaint fails to state a claim and amendment would be futile. *Grossman v. Novell*, 120 F.3d 1112, 1126 (10th Cir. 1997).

## PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Second Amended Complaint must be dismissed as to Mr. Narayan because the allegations in Plaintiff's Second Amended Complaint against Mr. Narayan are not supported by any facts upon which the Court could draw a reasonable inference that Mr. Narayan is liable. This is, in part, because Plaintiff's allegations are comprised solely of legal conclusions without *any* factual support. *See* Pl.'s 2d Am. Compl. ¶¶61-65, *infra*.

First, Plaintiff alleges that Mr. Narayan, as a passenger, had a duty to act to protect oncoming motorists by "warn[ing the] driver and remonstrat[ing] with [the] driver in regard to [the driver's] method of operation." Pl.'s 2d Am. Compl. ¶61. As explained below, the duty of a passenger to remonstrate with the driver is not owed to third party motorists. Second, Plaintiff alleges that Mr. Narayan "was negligent and breached his duty to warn [the driver] and remonstrate." *Id.* at ¶62. Even if the duty to warn and remonstrate were applicable to this case, Plaintiff has failed to offer any factual basis for how Mr. Narayan allegedly breached such a duty. Third, Plaintiff asserts that Mr. Narayan's breach "caused and/or contributed to causing personal injuries and wrongful death to plaintiff." *Id.* at ¶63. Finally, Plaintiff further asserts that Mr. Narayan was "within the course and scope of employment . . . with Hexaware's Driver and/or Hexaware," thus, "Hexaware is vicariously liable for [Mr. Narayan's] wrongful actions." *Id*. at ¶¶64, 65. In sum, Plaintiff's Second Amended Complaint fails to meet the requisite pleading

standard because Plaintiff's allegations do not contain any facts whatsoever. *See Ashcroft v. Iqbal*, *supra.*

## ARGUMENT AND AUTHORITY

### I. A PASSENGER'S DUTY TO REMONSTRATE WITH THE DRIVER IS NOT OWED TO OTHER MOTORISTS

Plaintiff's allegations in ¶61 and ¶62 of its Second Amended Complaint are inaccurate statements of the law upon which Plaintiff's negligence claim against Mr. Narayan cannot stand. An exhaustive review of Oklahoma case law has not revealed any case in which any court has held that a passenger's duty to remonstrate with the driver is owed to other motorists. Rather, the issue of whether a passenger breached his or her duty to remonstrate with the driver arises in the context of a defendant-driver's or, less frequently, a defendant-non-motorist tortfeasor's[1] contributory negligence defense against a plaintiff-passenger's negligence claim. The reason a passenger's duty to remonstrate with the driver arises in the case law solely as a contributory negligence defense is because that duty is owed by the passenger to themselves for their own safety. *See Disney v. Cook*, 1969 OK 115, 457 P.2d 552, 557 (cited by Plaintiff in its Second Amended Complaint at ¶61 for the erroneous proposition that a passenger's duty to remonstrate with the driver is owed to oncoming motorists).

In *Disney*, the plaintiff-passenger sought to recover damages for injuries suffered after falling from a vehicle driven by defendant-driver. *Id.* at 553. The Court held that it was proper to instruct the jury that a passenger in a vehicle has a duty to use ordinary care and caution to preserve the passenger's *own safety. Id.* at 557 (emphasis added). In this context, ordinary care required the passenger to keep a reasonable lookout as well as warn the driver and remonstrate with the driver

---

[1] The duty to remonstrate has been applied as a contributory negligence defense on behalf of a defendant railway company who was sued by the passenger of a motorcycle that was struck by one of the defendant's trains. *See Wilson v. Oklahoma Railway Co.*, 152 OK 316, ¶11, 248 P.2d 1014, 1018.

when the passenger observed the driver operating the vehicle in a negligent manner. *Id*. If the passenger breached this duty, the passenger could be found contributorily negligent with respect to the claims of negligence asserted by the passenger to the driver of the vehicle they were travelling in together. *See Id*. at 556-57. Moreover, the Court stated that normally, "a person riding in a vehicle may, to a large extent, rely on the skill and experience of the driver." *Id*. at 557.

In other words, *Disney* (as well as every other Oklahoma case addressing a passenger's duty to remonstrate with the driver) stands for the proposition that the passenger has a duty to protect themselves else he or she could be held contributorily negligent for his or her own injuries if they may have been avoided by warning or remonstrating with a negligent driver. *Id*. at 557. *Disney* does not stand for the proposition that a passenger has a duty to monitor the driver in order to protect other motorists. *Id*. In our case, Plaintiff seeks to extend the duty to warn and remonstrate beyond its scope. *See* Pl.'s 2d Am. Comp. ¶¶61, 62. Therefore, because leave to amend would be futile to cure Plaintiff's Second Amended Complaint that asserts a legal theory not recognized under Oklahoma law, Plaintiff's Second Amended Complaint should be dismissed <u>with</u> prejudice as to Ujjwal Narayan. *Grossman v. Novell*, 120 F.3d 1112, 1126 (10th Cir. 1997).

## II. PLAINTIFF FAILED TO EFFECT VALID SERVICE OF PROCESS ON MR. NARAYAN

If this Court grants Mr. Narayan's motion to dismiss <u>with</u> prejudice pursuant to Fed. R. Civ. P. 12(b)(6), it need not consider the following request in the alternative to dismiss without prejudice pursuant to Fed. R. Civ. P. 12(b)(5).

The same arguments and authorities raised in Defendant Ujjwal Narayan's Response in Opposition to Plaintiff's Motion for Order Permitting Service Pursuant to Rule 4(f)(3) [Doc. No. 99], which led to the Court's Order [Doc. No. 100] denying Plaintiff's Motion, and in Defendant Ujjwal Narayan's Response in Opposition to Plaintiff's Second Motion for Order Authorizing

Service Through Alternative Means [Doc. No. 137] are raised here and incorporated by reference for the proposition that Plaintiff's service of process outside of the Hague Convention was improper and did not comply with the Hague Convention or the Due Process Clause of the United States Constitution[2]. Therefore, Mr. Narayan respectfully requests this Court to dismiss Plaintiff's Second Amended Complaint without prejudice for failure to effect proper service upon him.

## III. PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO DEMONSTRATE TO THIS COURT THAT IT MAY EXERCISE PERSONAL JURISDICTION OVER MR. NARAYAN

Mr. Narayan further moves this Court to dismiss Plaintiff's negligence claim against him for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction. *OMI Holdings v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Only after a plaintiff meets its burden to establish personal jurisdiction does the burden shift to the defendant to demonstrate "that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Plaintiff has yet to assert any facts that, if true, constitute a *prima facie* showing that this Court may exercise personal jurisdiction over Mr. Narayan. In fact, Plaintiff's Second Amended Complaint has no jurisdictional allegations whatsoever. Instead, Plaintiff's Second Amended Complaint, in a footnote, merely states that Mr. Narayan "allegedly resides in India." Pl.'s 2d Amend. Comp., p. 2, n.3. If anything, Plaintiff's statement regarding Mr. Narayan's status as a resident of a foreign nation demonstrates that the issue of personal jurisdiction cannot be taken for granted. *See Asahi Metal Industrial Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987)

---

[2] Mr. Narayan and his counsel recognize Plaintiff's service of process at issue here is in accordance with this Court's Order [Doc. 150] granting Plaintiff's Second Motion for Order Authorizing Service on Defendant Ujjwal Narayan Through Alternative Means. Mr. Narayan does <u>not</u> argue that Plaintiff's service of process was inconsistent with the Court's Order, only that the Court's ruling should be reconsidered in the context of this motion to dismiss.

("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

If Plaintiff makes a *prima facie* showing of jurisdiction in response to this motion to dismiss, Mr. Narayan will reply with his own counter argument when it is then appropriate – to do so now would be premature. *See OMI Holdings v. Royal Ins. Co. of Canada*, 149 F.3d at 1091.

## <u>CONCLUSION</u>

Plaintiff's claims against Mr. Narayan must be dismissed with prejudice because Plaintiff has failed to state a claim upon which relief can be granted with respect to Mr. Narayan and amendment would be futile. Plaintiff's Second Amended Complaint contains nothing but bare, conclusory allegations that, even if assumed to be true, fail to state a facially plausible claim. Plaintiff has failed to plead any nonconclusory factual allegations to support a reasonable inference that Mr. Narayan was negligent. Additionally, Plaintiff's allegations rely on the existence of a duty purportedly owed by Mr. Narayan that is not recognized under Oklahoma law. Therefore, Mr. Narayan respectfully requests the Court grant this Motion to Dismiss Plaintiff's Second Amended Complaint with respect to Plaintiff's claims against him, together with any additional relief this Court deems just and proper.

Respectfully submitted,

_s/_ Sterling E. Pratt
Sterling E. Pratt, OBA No. 22276
sepratt@fentonlaw.com
Fenton, Fenton, Smith, Reneau & Moon
211 North Robinson, Suite 800N
Oklahoma City, OK 73102
405-235-4671/405-235-5247 (Fax)
**Attorney for Defendants Ujjwal Narayan,**
**Hexaware Technologies, Inc., and**
**Gaurav Shukla**

## CERTIFICATE OF SERVICE

    This will certify that on the 16th day of May, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following recipients:

| | |
|---|---|
| John Branum | Steve Holden |
| Jay Mitchel | Anita Anthony |
| Jessica S. Ladd | Holden Litigation |
| Branum Law Firm, PLLC | SteveHolden@HoldenLitigation.com |
| lit@branumlawfirm.com | AnitaAnthony@HoldenLitigation.com |
| | **Attorneys for Hexaware** |
| | **Technologies Limited** |

and

Jimmy D. Speed
Speed Law Office
speedslaw@gmail.com
**Attorneys for Plaintiff**

                                                _s/_ Sterling E. Pratt
                                                Sterling E. Pratt